

# NUMBER 13-21-000409-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JASON OMAR MORENO,                                                      Appellant,

**v.**

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 92nd District Court
### of Hidalgo County, Texas.

# ORDER ABATING APPEAL

### Before Justices Benavides, Tijerina, and Peña
### Order Per Curiam

On October 20, 2022, appellant Jason Omar Moreno's appellate counsel filed an *Anders* brief stating that there are no arguable issues from which to appeal. This Court granted appellant's motion for access to the appellate record on December 21, 2022, so that he could file a reply to the *Anders* brief. Appellant filed a motion for a complete copy of the trial court record on January 12, 2023, stating that he is unable to file an adequate

reply to the *Anders* brief because several items of the record are missing. Specifically, appellant claims that the record is missing the following: (1) "[t]he court reporter's record for the DNA hearing in the [trial court held] on August 20, 1996, and September 9, 1996, which include plea hearings"; (2) "[t]he court reporter's record for the DNA hearing in the [trial court held] on October 22, 2021"; and (3) "[t]he affidavit of a Danny Leal regarding the arrest of Juvenile [Moreno], nor [sic] offense report #9408031740." Appellant requests that we abate the appeal to the trial court pursuant to rule 34.6(f) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(f) (setting out the procedure to follow when a portion of the reporter's record is lost or destroyed).

This sequence of events requires us to effectuate our responsibility to avoid further delay and to preserve the party's rights. *See* TEX. R. APP. P. 37.3(a)(1). Accordingly, this appeal is abated, and the cause remanded to the trial court.

In accordance with Texas Rule of Appellate Procedure 34.6(f), the trial court is directed to conduct a hearing to determine if: (1) the appellant has timely requested a reporter's record for the items listed above; (2) without the appellant's fault, a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of the recording has been lost or destroyed or is inaudible; (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the lost and destroyed exhibit, is necessary to the appeal's resolution; and (4) the lost, destroyed, or inaudible portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the

trial court to accurately duplicate with reasonable certainty the original exhibit. *See* TEX. R. APP. P. 34.6(f). If the trial court determines that the items listed above are not lost or destroyed, the trial court is ordered to provide appellant with copies of those items.

The trial court is directed to forward the record of the proceedings, including any orders and findings, to this Court within thirty (30) days of the date of this order, or to notify this Court within such period indicating a date by which the trial court can comply.

We further grant appellant's motion for an extension of time to file a pro se brief filed on January 12, 2023. Accordingly, appellant's brief will be due thirty (30) days after the trial court files its record of the above-ordered proceedings.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
2nd day of February, 2023.